**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPARKLES GIFT & PARTY SHOP, INC., and STOCK YOUR HOME, LLC, | |
| Plaintiffs, | No. 25-cv-01367 |
| v. | Judge John F. Kness |
| CONTINENTAL CASUALTY COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This insurance-coverage dispute is presently on cross-motions for summary judgment concerning the alleged duty of Defendant Continental Casualty Company to defend its insured under one or more commercial general liability insurance policies. An underlying civil action alleges that Plaintiff Sparkles Gift & Party Shop LLC, along with its affiliate (and fellow Plaintiff) Stock Your Home LLC, unlawfully used another entity's trademark in online advertising. Plaintiffs tendered a claim to Defendant, but Defendant denied that it has a duty to defend under the relevant policies. Both sides now seek a declaratory judgment of their asserted policy-based rights.

For the reasons that follow, the Court holds that Defendant has no duty to defend. Accordingly, the Court grants Defendant's cross-motion for summary judgment and denies Plaintiffs' partial motion for summary judgment.

## I.   BACKGROUND

In the underlying action, *RBG Plastic, LLC, D/B/A Restaurantware v. Sparkles Gift & Party Shop, Inc., d/b/a, Stock Your Home*, No. 24-cv-02155 (N.D. Ill.) ("RBG Action"), RBG alleges that Plaintiffs used the trademark "RESTAURANTWARE" and close variants "in [their] online advertising and marketing campaigns," including in banners, links such as "Browse Our Restaurantware," and descriptive text on Plaintiffs' YouTube channel. (Dkt. 21 ¶¶ 7, 37; Dkt. 1-2 ¶ 23.) RBG asserts claims of trademark infringement (15 U.S.C. § 1114), unfair competition, false designation, false description (15 U.S.C. § 1125(a)), and violations of various state counts[1] (Dkt. 21 ¶ 11.) There are no counts that assert defamation or disparagement, privacy, or trade dress theories.

Defendant issued liability policies to Plaintiffs that insure against "personal and advertising injury" offenses. (Dkt. 21 ¶¶ 13–14.) These policies, as relevant here, define "personal and advertising injury" offenses as follows: (i) oral or written publication that disparages another's goods; (ii) "use of another's advertising idea" in the insured's advertisement; and (iii) "infringing upon another's copyright, trade dress or slogan in your 'advertisement.'" (Dkt. 21 ¶ 15.) Trademark infringement is not a listed offense: rather, the policies contain an intellectual property exclusion eliminating coverage for "personal and advertising injury . . . [a]rising out of the

---

[1] These state counts include alleged violations of "Common Law Injury For Business Reputation," the "Illinois Deceptive Trade Practices Act," the "Illinois Trademark Registration & Protection Act," and the "Illinois Consumer Protection Act." (Dkt. 19 ¶ 15.)

infringement of . . . trademark[s]," subject to a narrow carve-back[2] for "infringement, in your advertisement, of copyright, trade dress, or slogan." (Dkt. 21 ¶ 16) (cleaned up).

Plaintiffs initially asked Defendant to defend them in the underlying action under the policy term of "personal and advertising injury" offenses. (Dkt. 19 ¶¶ 16–17.) But Defendant denied that it had a duty to defend Plaintiffs because, in Defendant's view, the allegations against Plaintiffs in the underlying complaint did not fall under any enumerated definition of "personal and adversity injury." (*Id.* ¶¶ 17–19.) Defendant also asserted that the claims were "arising out of" infringement of trademark rights, a circumstance that, in Defendant's view, was explicitly subject to the intellectual property policy exclusion. (*Id.*)

Plaintiffs filed this action seeking a declaration that Defendant owes Plaintiffs a duty to defend them in the underlying action (Dkt. 21 ¶ 23). Defendant filed a counterclaim seeking a declaration that it owes no defense to Plaintiffs. (*Id.* ¶ 26.) Plaintiffs now seek partial summary judgment (Dkt. 16). Defendant also seeks summary judgment (Dkt. 20) on Plaintiffs' claims as well as Defendant's counterclaim. Both sides agree that Illinois law governs this dispute. (Dkt. 16 at 9; Dkt. 18 at 10 n.2.)

---

[2] A "carve-back" is insurance parlance for an exception to an exclusionary provision that operates to restore coverage. *Sony Computer Ent. Am. Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1017 (9th Cir. 2008).

## II.    LEGAL STANDARD

Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008) (quoting *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005)); *see also* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322−23 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted).

## III.    DISCUSSION

### A.    Plaintiffs Have Pleaded No Enumerated Offense That Falls Under the Policies' Coverage

Under Illinois law, the duty to defend is determined by comparing the factual allegations of the underlying complaint to the policy's provisions. *See Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 362–65 (2006); *Erie Ins. Exch. v. Compeve Corp.*, 2015 IL App (1st) 142508, ¶¶ 22–28 (no duty where complaint alleged IP violations but failed to allege facts constituting a listed offense or to connect the

4

alleged injury to such an offense); *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 815–16 (7th Cir. 2010) (comparison depends on the factual allegations, not the legal claims). Facts pleaded within, or potentially within, the policy's coverage trigger the duty to defend with any ambiguities resolved in favor of the insured. *Amerisure*, 622 F.3d at 811. But where the allegations fall plainly within an exclusion, there is no duty to defend. *Pekin Ins. Co. v. Wilson*, 237 Ill. 2d 446, 458–64 (2010).

Courts applying Illinois law and analyzing nearly identical policy language (as present here) for "personal and advertising injury" offenses have denied coverage where the underlying suit sounds in trademark infringement. *AMCO Ins. Co. v. Ledo's, Inc.*, No. 21-cv-2972, 2022 WL 345079, at *6 (N.D. Ill. Feb. 4, 2022) (no duty to defend where complaint alleged trademark infringement and false designation; the policies excluded trademark infringement, and the carve-back was limited to copyright-, trade dress-, and slogan-based claims); *Greenwich Ins. Co. v. RPS Prods., Inc.*, 379 Ill. App. 3d 78, 86–89 (2008) (rejecting efforts to recast IP claims under "advertising injury" without pleading a listed offense).

A review of the factual allegations in the underlying RBG Action reflects that it sounds in trademark infringement, rather than any enumerated offense in the policies. Plaintiffs are alleged to have used RBG's RESTAURANTWARE mark (and close variants) "in [their] online advertising and marketing campaigns," including banners, category links ("Browse Our Restaurantware"), and a YouTube channel description that caused confusion as to source. (Dkt. 21 ¶¶ 7–8.) There are neither

factual allegations nor any listed counts in the underlying complaint that suggest theories of defamation, disparagement, privacy, or trade dress.

Plaintiffs nonetheless argue that the allegations in the underlying action fall under the enumerated "personal and advertising injury" offenses of disparagement, use of another's advertising idea, and slogan infringement. (Dkt. 16 at 4–10.) As explained below, this argument is unconvincing.

To begin, the pleadings in the underlying complaint do not explicitly allege disparagement. Plaintiffs thus argue that the consumer confusion claims are actually ersatz disparagement claims because, whenever a consumer buys a product with a misleading mark, they will be "disappointed by the inferior quality." (Dkt. 16 at 7.) But under Illinois law, disparagement requires a statement that criticizes the quality of another's goods or services; mere self-promotion or use of another's brand or mark does not suffice. *Green4All Energy Solutions, Inc. v. State Farm Fire & Cas. Co.*, 2017 IL App (1st) 162499, ¶¶ 26–31 ("patent pending" assertion was not disparaging of competitor's product quality); *Joseph T. Ryerson & Son, Inc. v. Travelers Indem. Co. of Am.*, 2020 IL App (1st) 182491, ¶¶ 37–42 (disparagement requires statements about the competitor's goods). RBG alleges source confusion from Plaintiffs' use of RBG's trademark, not that Plaintiffs criticized the quality of RBG's product. (Dkt. 1-2 ¶¶ 22, 24, 31–34.) It would be unreasonable to find that the underlying action actually pleaded a disparagement offense.

RBG's complaint also does not set forth allegations that fall under "use of another's advertising idea." Illinois courts interpreting identical language in

6

insurance policies require appropriation of a concept or campaign, not merely the use of a competitor's name in advertising. *Greenwich*, 379 Ill. App. 3d at 86–89 (rejecting attempts to shoehorn IP claims into the "advertising idea" offense). RBG alleges Plaintiffs used the RESTAURANTWARE mark in web headings and descriptions; there is no alleged misappropriation of an idea for advertising distinct from the mark itself. (Dkt. 1-2 ¶¶ 20–51)[3]; *AU Electronics, Inc. v. Harleysville Group*, Inc., 82 F. Supp. 3d 805, 808 (N.D. Ill. 2015) (underlying complaint did not allege "use of another's advertising idea" when the factual allegations centered improper use of another's trademark).

Plaintiffs argue, finally, that the registered product trademark RESTAURANTWARE is actually a slogan because it does "double duty" as a product source identifier and an "attention-getting phrase" (Dkt. 16 at 16.) Courts have squarely rejected this argument: Illinois law recognizes that slogans and product trademarks have legally different meanings. *Citizens Ins. Co. of Am. v. Uncommon, LLC*, 812 F. Supp. 2d 905, 912 (N.D. Ill. 2011) ("[Insured party] is wrong to conclude that the term 'uncommon' is a slogan, at least in the context of this case, where the term is the central component of UncommonGoods' company name and brand"); *Blau Plumbing, Inc. v. S.O.S. Fix–It, Inc.*, 781 F.2d 604, 609 (7th Cir. 1986) (acknowledging the difference between slogans and trademarked products). Indeed, " 'the

---

[3] For example, Count IV in the RBG Action ("Common Law Injury For Business Reputation") alleges that Plaintiffs use of "RBG's trademark" injured "RBG's business reputation because persons encountering Defendants and their products and services will believe that RBG is affiliated with [Plaintiffs]." (Dkt. 1-2 ¶ 39.)

trademarked *name* of a brand, product, or company' is not itself a 'slogan.' " *Uncommon*, 812 F. Supp. at 912 (quoting *Hugo Boss Fashions, Inc. v. Federal Insurance Co.*, 252 F.3d 608, 619 (2d Cir. 2001)). So too here: RESTAURANTWARE is a registered product trademark—not a slogan.

Because Plaintiffs have not pleaded that any of the claims in the underlying *RBG Plastic* action set forth an enumerated offense that falls under the relevant policies' coverage, Plaintiffs cannot show that they are entitled to coverage (including the providing of a defense in the *RBG Plastic* action). Accordingly, Defendant is entitled to summary judgment.

### B. The Intellectual Property Exclusion Bars Coverage

Even assuming that Plaintiffs could align the factual allegations in the underlying complaint with some listed offense,[4] the primary policies contain an intellectual property exclusion that bars coverage for "[p]ersonal and advertising injury . . . [a]rising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." (Dkt. 16-1 ¶ 7.) This restriction is subject to a narrow carve-back for "infringement, in your advertisement,[] of copyright, trade dress, or slogan." (*Id.*) Courts applying Illinois law to identical language have applied this exclusion to defeat duty-to-defend cases when the allegations center around trademark infringement. *See Ledo's*, 2022 WL 345079, at *5–*8 (IP exclusion with trade-dress, copyright, and slogan carve-back eliminated duty to defend trademark

---

[4] With the exception of slogan infringement for the reasons discussed in Section III.A and below.

suit); *Compeve*, 2015 IL App (1st) 142508, ¶¶ 22–28 (analyzing the required enumerated offense and concluding that the trademark and IP claims did not allege a covered offense and were excluded).

In the *RBG Plastic* action, the allegations center around trademark infringement and proceed in two sections: (1) that the RBG plaintiffs have a valid trademark (Dkt. 1-2 ¶¶ 11–19); and (2) that Plaintiffs (Sparkles) infringed on that trademark by using "confusingly similar marks . . . in its online advertising and marketing campaigns" (*Id.* ¶¶ 20–27.) In terms of RBG's legal claims, Count I alleges trademark infringement. (*Id.* ¶¶ 28–30.) RBG's remaining counts flow from the factual allegations of trademark infringement: Count II alleges "Unfair Competition Under [the] Lanham Act" because "[Plaintiffs]' use of and imitation of RBG's mark is likely to cause confusion, mistake and deception among consumers." (*Id.* ¶¶ 31–34.) Count III alleges "False Description" under the Lanham Act because Plaintiffs' "wrongful use" of the trademark "is likely to cause confusion" as to source. (*Id.* ¶¶ 35–37.) Count IV alleges "Common Law Injury For Business Reputation" because Plaintiffs wrongfully used RBG's trademark and that "persons encountering [Plaintiffs] and their products and services will believe that RBG is affiliated with or related to or has the approval of [Plaintiffs]." (*Id.* ¶¶ 38–40.) RBG's other state-law claims (Counts V to VII) allege that Plaintiffs' use of the trademark, which "is likely to cause confusion" as to source, violated various state laws. (*Id.* ¶¶ 41–51.)

Because it does not plead infringement of copyright, trade dress, or slogan, *RBG Plastic*'s complaint does not trigger the carve-back in the primary policies. (Dkt.

9

1-2 ¶¶ 18–25, 26–34.) Plaintiffs do not even attempt to argue the underlying complaint pleads copyright or trade dress infringement. Although Plaintiffs argue that the underlying complaint pleads slogan infringement, this argument fails for the same reasons discussed above in Section III.A. More specifically, the underlying complaint pleads infringement of the RESTAURANTWARE trademark: Plaintiffs thus cannot reasonably argue that the trademark also does double-duty as a slogan. *Uncommon*, 812 F. Supp. at 912 (" '[T]he trademarked *name* of a brand, product, or company' is not itself a 'slogan.' ") (quoting *Hugo Boss Fashions, Inc. v. Federal Insurance Co.*, 252 F.3d 608, 619 (2d Cir. 2001)). Under these circumstances, the exclusion applies and bars any duty to defend.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 20) is granted, and Plaintiffs partial motion for summary judgment (Dkt. 16) is denied. A final declaratory judgment order will be entered separately.

SO ORDERED in No. 25-cv-01367.

Date: March 27, 2026

_____

JOHN F. KNESS
United States District Judge

10